## B. MILLIGAN CONTRACTING INC., Respondent, v ANDREW R. MANCINI ASSOCIATES INC., Appellant, et al., Defendants.

Third Department, January 23, 1992

APPEARANCES OF COUNSEL

*Hickey, Sheehan & Gates, P. C. (Paul M. Price* of counsel), for appellant.

*Coulter, Fraser, Bolton, Bird & Ventre (Robert F. Coulter* of counsel), for respondent.

## OPINION OF THE COURT

HARVEY, J.

Defendant Andrew R. Mancini Associates Inc. (hereinafter defendant) was hired as a subcontractor to perform improvements on a building owned by Cornell University in the City of Ithaca, Tompkins County. After obtaining this job, defendant entered into an agreement with plaintiff whereby plaintiff was to furnish defendant with all materials required to complete the project. Although plaintiff also agreed to furnish all field measurements that were required, these measurements were eventually provided by defendant for reasons disputed by the parties. Plaintiff used these figures to determine the quantity of tackable wall panels that were to be shipped to defendant.

The first shipment of panels was delivered in August 1988. Defendant notified plaintiff that they were the wrong size and that there was inadequate Velcro adhesive attached to them. Despite these complaints, plaintiff invoiced the shipment approximately one month later and defendant made the payment within two months of its billing. Thereafter, the second and third shipments were delivered together in October 1988 and invoices were sent out approximately one week later. After requesting and receiving additional information from plaintiff regarding calculation of the square footage delivered, defendant paid the invoices. Plaintiff delivered the final shipment of panels in early January 1989 and invoiced it shortly thereafter. Defendant retained this invoice for approximately six weeks before sending a letter of protest to plaintiff stating that there was a discrepancy between the square footage of panels received and the amount invoiced. Defendant requested a refund of this alleged overcharge and payment for labor purportedly required to reinstall panels with additional Velcro.

Thereafter, plaintiff commenced this action seeking payment for the final shipment of panels delivered to defendant. Defendant answered and interposed a counterclaim for damages. The parties then cross-moved for summary judgment.

Supreme Court granted plaintiff's motion for summary judgment on its claim for damages against defendant, dismissed defendant's counterclaim and denied defendant's cross motion for summary judgment. Defendant now appeals.

Initially, defendant contends that Supreme Court improperly granted summary judgment to plaintiff on its claim for the final shipment of 664 square feet of wall panels that defendant accepted but did not pay for. We must agree. Because the instant action involves the sale of goods, we must look for guidance to UCC article 2. Notably, rejection of nonconforming goods must take place within a reasonable time after their delivery and reasonable notice must be given to the seller (UCC 2-602 [1]). Acceptance takes place when the buyer informs the seller that the goods are conforming, or that in spite of their nonconformity they will be retained, or fails to reject them after a reasonable opportunity to inspect them or acts inconsistently with the seller's ownership (UCC 2-606 [1]).

Here, plaintiff put forth admissible evidence that defendant used all the panels delivered to the job site and paid for 3 of 4 shipments. Significantly, defendant admitted that it never rejected any of the panels and indeed did use them at the job site. In fact, defendant does not seriously dispute that acceptance of the goods occurred. This apparent acceptance would normally obligate defendant to pay the contract price for the goods *(see, Zappala & Co. v Pyramid Co.,* 81 AD2d 983, *lv denied* 55 NY2d 603; *see also,* UCC 2-607 [1]). Nevertheless, as the Court of Appeals has noted, "a buyer may defeat *or diminish* a seller's substantive action for goods sold and delivered by interposing a valid counterclaim for breach of the underlying sales agreement" *(Created Gemstones v Union Carbide Corp.,* 47 NY2d 250, 255 [emphasis supplied]; *accord, Mayfair Kitchen Center v Nigro,* 139 AD2d 885; *see also,* UCC 2-717). As will be discussed, it is our view that the presence of questions of fact raised in the parties' papers rendered the dismissal of defendant's counterclaim improper. Accordingly, plaintiff is not entitled to summary judgment on its goods sold and delivered theory *(see, Belfont Sales Corp. v Gruen Indus.,* 112 AD2d 96).

Next, as indicated, we conclude that Supreme Court inappropriately dismissed defendant's counterclaim for damages. Defendant's counterclaim alleged that plaintiff failed to perform its contractual obligations by not performing the field measurements for the site, allegedly delivering unsatisfactory

wall panels and allegedly charging plaintiff for 5,834 square feet of wall panel when only 5,676 square feet were supposedly delivered. Upon review of the parties' conflicting claims on these issues contained in their motion papers, it is our view that the existence of questions of fact made the dismissal of defendant's counterclaim inappropriate.

With respect to the field measurement controversy, we note that plaintiff avers that it tried to perform these obligations but was prevented from doing so by the fact that defendant did not have the job site ready. As a result, plaintiff claims that defendant eventually agreed to voluntarily perform the measurements. In contrast, defendant's president avers that it repeatedly requested plaintiff to do the work and only did so itself as a last resort. Defendant also claims that it had to pay laborers extra to do plaintiff's work. As for the allegedly nonconforming wall panels, plaintiff acknowledges that there was a problem, but asserts that it provided the additional Velcro at no cost to defendant. Defendant disputes this claim and asserts that it requested additional Velcro, but that plaintiff failed to provide it. Therefore, defendant allegedly had to procure its own Velcro and again pay for extra labor to perform the work. Finally, regarding defendant's claim that plaintiff charged it for more square footage than was actually delivered, we note that plaintiff states that it arrived at its figures by using the "rounding up" method standard in the industry and that this method was explained to defendant. However, defendant denies being told of this method and claims that the method it used to perform the calculations is correct.

Clearly, these issues all presented questions of fact that would more appropriately be resolved at trial as opposed to on a summary judgment motion (see, B-S Indus. Contrs. v Town of Wells, 173 AD2d 1053). Notably, because defendant did timely notify plaintiff of the problem with the panels it could, if its claims were found to be true, conceivably recover damages for "the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable", despite its acceptance of the panels (UCC 2-714 [1]; see, Zappala & Co. v Pyramid Co., supra, at 984). Further, even though a buyer has accepted nonconforming goods, damages equal to the difference between the value of the goods accepted and the value of the goods as warranted is an appropriate remedy under the UCC (see, UCC 2-714 [2]). Although Supreme Court's scepticism of most of the claims

made in defendant's papers might well prove justified, issue finding and not issue resolution is the appropriate role of a court on a summary judgment motion *(see, Foresite Props. v Halsdorf,* 172 AD2d 929, 930). Since the papers in this case did raise factual issues, defendant's counterclaim was improperly dismissed.

MIKOLL, J. P., YESAWICH JR. and CREW III, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment against defendant Andrew R. Mancini Associates Inc. and dismissed said defendant's counterclaim; motion denied; and, as so modified, affirmed.