■ Chouiniere's Trucking & Excavating, Inc., Appellant, v Michaels Group, Inc., Respondent. [599 NYS2d 133] —Casey, J. Appeal from an order of the Supreme Court (Brown, J.),

entered June 1, 1992 in Saratoga County, which denied plaintiff's motion for summary judgment.

At issue on this appeal is whether plaintiff is entitled to summary judgment on its claim seeking to recover the price of certain quantities of yellow sand and other fill material that plaintiff delivered to defendant during 1988 at various locations specified by defendant. The following facts are undisputed: the parties entered into an agreement in 1988 whereby plaintiff agreed to provide certain fill materials to defendant and defendant agreed to pay plaintiff for the material; plaintiff delivered various quantities of fill material at defendant's request and direction; and defendant accepted the material and paid defendant for some of the material, but did not pay for the material that is the subject of this action. According to defendant, it accepted the material without inspection based upon the assurances of plaintiff regarding the quality and suitability of the material for its intended use as fill at residential construction sites. Defendant contends that within a reasonable time after its acceptance of the material that is the subject of this action, it discovered that the material was not suitable for its intended use and it revoked its acceptance of that material. Defendant's answer contains affirmative defenses and counterclaims based upon the alleged defects in the material. Plaintiff contends that defendant's retention of the material, which was used as fill at various construction sites, is inconsistent with defendant's claim that it revoked its acceptance.

In our view, the parties' rights and obligations are governed by UCC article 2. In particular, UCC 2-607 (3) (a) provides that a buyer who has accepted goods "must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy". According to defendant, questions of fact exist regarding the reasonableness of its conduct after its acceptance of the material at issue. We agree, but plaintiff is nevertheless entitled to summary judgment on its second cause of action which seeks recovery under the UCC.

Pursuant to UCC 2-607 (4), "[t]he burden is on the buyer to establish any breach with respect to the goods accepted". In opposition to plaintiff's motion for summary judgment, defendant's attorney submitted an affidavit which alleges that defendant is prepared to introduce expert testimony at trial indicating that the material at issue was nonconforming and not fit for its intended use when delivered. The record, how-

ever, contains no submission from an expert or other evidentiary proof in admissible form to support this claim.

Plaintiff concedes that in July 1988, officials of the Department of Environmental Conservation (hereinafter DEC) expressed concern that the source from which plaintiff was excavating its fill material was contaminated by toxic and/or hazardous materials. Plaintiff submitted evidence which showed that subsequent investigation and testing by DEC revealed no significant environmental or health threat from the soils at defendant's construction sites. Plaintiff also submitted evidence to show that defendant conducted its own independent investigation, including soil testing by Adirondack Environmental Services Inc., which revealed no unusual level of contaminants, and defendant notified the homeowners of the negative results of these tests. In his examination before trial, defendant's president conceded that defendant had undertaken no remedial measures concerning the disputed material, that it had not been advised by DEC or any other agency that remedial measures were necessary and that it had not been sued by any of the homeowners as a result of the alleged contamination. In view of plaintiff's submission in support of its motion for summary judgment, it was incumbent upon defendant to submit evidentiary proof in admissible form to establish questions of fact on its claim that the material delivered by plaintiff was nonconforming and not suitable for its intended purpose; "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York*, 49 NY2d 557, 562). Defendant failed to meet its burden and offered no excuse for its failure to do so. Plaintiff's motion for summary judgment should, therefore, have been granted.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and plaintiff is awarded summary judgment on the second cause of action in its complaint.