(July 22, 1993)

■ SEARS, ROEBUCK & COMPANY, Respondent, v NANCY E. GALLOWAY, Appellant. [600 NYS2d 773] —Casey, J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered August 10, 1990 in Ulster County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered October 24, 1991 in Ulster County, which, *inter alia,* denied defendant's motion for renewal.

In December 1985 plaintiff and defendant signed a "Retail Installment Contract and Security Agreement", whereby plaintiff would sell and install a boiler at premises owned by defendant for $5,375.92. The estimate and proposal of the work submitted by plaintiff and accepted by defendant outlined the services to be performed under the contract, and specifically stated that defendant, as customer, was to be responsible for the condition of the main steam and water lines, radiators and radiator air vent.

After the boiler was installed, defendant complained that the boiler was not performing satisfactorily. Plaintiff had the boiler serviced but could find nothing wrong with the boiler. When defendant continued to complain, plaintiff offered to reduce the sales price by $1,000. Plaintiff also offered to remove the boiler and credit defendant's account. Defendant refused these and other offers and demanded a new boiler, even though she had paid only $162 on the purchase price. Thus, without any substantial payment, defendant has had

---

continuous use of the boiler since its installation in January 1986.

Plaintiff commenced this action in July 1989 for payment of the balance due or return of the boiler, and after issue was joined moved pursuant to CPLR 3126 for an order awarding it penalties based on defendant's refusal to disclose experts as plaintiff had requested. Supreme Court ordered defendant to make a formal verified response to plaintiff's demand for experts, and when defendant failed to reveal her experts, plaintiff moved for summary judgment, claiming that due to defendant's failure to produce any expert to demonstrate that it was the boiler that was responsible for the insufficiency of heat in the building, no triable issue of fact existed. Plaintiff further argued that defendant's failure to reject or return the boiler constituted an acceptance. Defendant replied and cross-moved to amend her answer to add a counterclaim, asserting negligence on plaintiff's part in installing the boiler. Supreme Court granted plaintiff's motion for summary judgment and denied defendant's cross motion. Defendant appeals.

Defendant subsequently moved to renew her cross motion on the ground of new information. Her motion was again denied and she appeals. We believe the denial of this motion for renewal was appropriate, because defendant made no showing that the new information was not available to her at the time of the original motion (see, Lansing Research Corp. v Sybron Corp., 142 AD2d 816, 819).

Although the parties' contract involved the sale of both goods (the boiler and related equipment) and services (installation), the agreement was one predominantly for the sale and delivery of goods and, therefore, the parties' rights and obligations are governed by UCC article 2 (compare, Hass Co. v Kristal Assocs., 127 AD2d 541, lv denied 69 NY2d 611, with Schenectady Steel Co. v Trimpoli Gen. Constr. Co., 43 AD2d 234, 236-237, affd 34 NY2d 939). Acceptance of goods can occur in a number of ways (see, Milligan Contr. v Mancini Assocs., 174 AD2d 136, 138), one of which is when the buyer fails to make an effective rejection after having had a reasonable opportunity to inspect the goods (UCC 2-606 [1] [b]). Defendant contends that she rejected the boiler, but "mere complaint about the goods does not constitute a clear and unequivocal act of rejection" (Maggio Importato v Cimitron, Inc., 189 AD2d 654). In any event, acceptance also occurs when the buyer acts inconsistently with the seller's ownership (UCC 2-606 [1] [c]), and the undisputed evidence of defendant's continued retention and use of the boiler for a substantial

period of time, covering several heating seasons, despite plaintiff's offers to remove the boiler and credit her account, constitutes an acceptance (see, Zappala & Co. v Pyramid Co., 81 AD2d 983, lv denied 55 NY2d 603). Defendant also contends that she revoked her acceptance, but there is no evidence of the unequivocal timely notice required by UCC 2-608 (2).

Although a buyer must pay for any goods accepted (UCC 2-607 [1]) and is precluded from rejecting the accepted goods (UCC 2-607 [2]), acceptance does not in and of itself impair any other remedy provided by UCC article 2 for nonconformity (UCC 2-607 [2]). Thus, "acceptance leaves unimpaired the buyer's right to be made whole, and that right can be exercised by the buyer not only by way of cross-claim for damages, but also by way of recoupment in diminution or extinction of the [purchase] price" (UCC 2-607, Comment 6). Pursuant to UCC 2-607 (3) (a), however, a buyer who has accepted goods "must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy". We are of the view that the evidence submitted by defendant, including her complaints to plaintiff about the inadequacy of the heat in her building after the boiler was installed, is sufficient to raise questions of fact about the reasonableness of defendant's conduct in preserving her remedies after her acceptance of the boiler, but those questions of fact do not preclude an award of summary judgment to plaintiff (see, Chouiniere's Trucking & Excavating v Michaels Group, 194 AD2d 971).

"The burden is on the buyer to establish any breach with respect to the goods accepted" (UCC 2-607 [4]), and mere conclusions, expressions of hope and unsubstantiated allegations are insufficient to meet this burden when the party seeking to recover for goods sold and delivered moves for summary judgment (see, Chouiniere's Trucking & Excavating v Michaels Group, supra). Defendant has not identified any particular defect in the boiler or its installation which would constitute a material breach of the contract. Nor has she submitted an affidavit of an expert, and it appears that she will be precluded from introducing any expert evidence as a result of her failure to comply with prior disclosure orders. She does, however, allege that the heating system provided adequate heat with the old boiler, which she decided to replace with a more efficient one, that she relied upon plaintiff's expertise to select the proper boiler and that the system produced inadequate heat after the new boiler was installed.

More importantly, however, the record contains a report prepared by Eastern Heating and Cooling, Inc., after an inspection at plaintiff's request, which states: "System seems to be too small for the application (Bldg. size)."

We are of the view that this evidence is sufficient to satisfy defendant's burden, for it raises questions of fact as to whether the implied warranty of fitness for a particular purpose was applicable (see, UCC 2-315) and, if so, whether plaintiff breached that warranty. Plaintiff's motion for summary judgment should, therefore, have been denied. The counterclaim contained in the proposed amended answer appears to assert the same breach as that asserted in opposition to plaintiff's motion for summary judgment, i.e., the inadequate size or capacity of the boiler installed by plaintiff. Having concluded that defendant submitted sufficient evidence on that issue to avoid summary judgment in plaintiff's favor, we are of the view that a valid counterclaim has been stated (see, Milligan Contr. v Mancini Assocs., 174 AD2d 136, 138, supra) and defendant's motion to amend the answer to assert the counterclaim should have been granted. Plaintiff's claims of prejudice from such an amendment are meritless.

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order entered October 24, 1991 is affirmed. Ordered that the order entered August 10, 1990 is reversed, on the law, with costs, plaintiff's motion for summary judgment denied and defendant's cross motion to amend her answer to assert a counterclaim granted.