■ FLICK LUMBER COMPANY, INC., Doing Business as FLICK PACKAGING COMPANY, Respondent, v BRETON INDUSTRIES, INC., et al., Appellants. [636 NYS2d 169] —White, J. Appeal from an order of the Supreme Court (Best, J.), entered December 27, 1994 in Montgomery County, which granted plaintiff's motion for partial summary judgment on the breach of contract cause of action.

For the reasons that follow, we reverse Supreme Court's award of summary judgment to plaintiff on its breach of contract cause of action against defendant Breton Industries, Inc.

Plaintiff's complaint alleges that in January 1992, it entered into an agreement with Breton whereby plaintiff would extend credit to Breton to order plaintiff's products in exchange for Breton agreeing to pay the outstanding balances in 30 days. Thereafter, in January 1993, the parties entered into a contract requiring plaintiff to supply wood boards, cut to United States Government specifications, to Breton to be used by Breton to assemble 4,321 wood boxes in which to ship its products. Plaintiff began shipping the boards to Breton. Breton, however, failed to pay the full amount due within 30 days, eventually resulting in a balance due at the commencement of this action

of $57,560.59. Breton responded to the complaint by asserting several counterclaims predicated upon the allegation that the boards shipped by plaintiff failed to meet the specifications of the contract, making it necessary for Breton to sort through every board and to re-cut over 1,200 boards in order to bring them within contract specifications.

On its motion for summary judgment, plaintiff did not challenge Breton's averments. Instead, it maintained that it was entitled to an accelerated judgment because Breton had admitted that a debt was due and owing to plaintiff.

Breton opposed the motion with an affidavit by Richard Lewis, its chief executive officer. Lewis identified the specific defects in the boards, i.e., knot holes, bent boards and large gaps, and described the specific procedures Breton followed in reworking the boards. Supreme Court, however, found this affidavit insufficient as being conclusory because Lewis did not allege that he personally handled or inspected the boards. Although a corporate officer's affidavit will not be deemed probative if it appears that the officer's knowledge was obtained from unnamed and unsworn employees or unidentified and unproduced work records (*see, Dempsey v Intercontinental Hotel Corp.*, 126 AD2d 477, 479; *Republic Natl. Bank v Luis Winston, Inc.*, 107 AD2d 581, 582), Lewis alleged personal knowledge of the facts and circumstances and made numerous, detailed factual allegations pertaining to the counterclaim. In addition, the claims set forth in his affidavit are supported by documentary evidence which was attached to the affidavit; for example, a letter from one of plaintiff's employees acknowledging the problems Breton was experiencing with the boards. In view of these circumstances, and as Lewis' affidavit sets forth a reasonably specific recitation of the claimed defects in the boards and the remedial measures Breton was required to undertake, we find that it was sufficient to require a determination by Supreme Court as to whether said affidavit raised a triable issue of fact, a task we will undertake since we are vested with the same power and discretion as Supreme Court (*see, O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 171).

Generally, a buyer must pay for any goods accepted (*see, Sears, Roebuck & Co. v Galloway*, 195 AD2d 825, 827). However, acceptance "does not in and of itself impair any other remedy provided by UCC article 2" for nonconforming goods (*supra*, at 827). Thus, by interposing a valid counterclaim for breach of the sales agreement, a buyer may defeat or diminish a seller's action for the price of accepted goods (*see, Milligan Contr. v Mancini Assocs.*, 174 AD2d 136, 138). Applying these principles

here, and given the fact that Breton has raised a significant issue regarding the nonconformity of the goods shipped to it by plaintiff which, if established, could significantly diminish or negate plaintiff's recovery (see, UCC 2-607, 2-714, 2-717), an award of summary judgment to plaintiff is not warranted (compare, Grimm Bldg. Material Co. v Freeman Excavating, 194 AD2d 857, 858).

Mercure, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.