■ CLIFFSTAR CORPORATION, Respondent-Appellant, v ELMAR INDUSTRIES, INC., Appellant-Respondent. [678 NYS2d 222] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages allegedly resulting from defendant's breach of contract and breach of express and implied warranties in connection with defendant's

sale of a remanufactured filler machine to plaintiff for use in plaintiff's production of bottled fruit juices. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary judgment on liability. Supreme Court properly denied the motion and the cross motion.

Under UCC article 2, following delivery of the allegedly nonconforming machine, plaintiff had the option to reject it (*see,* UCC 2-602), revoke its acceptance upon discovery of the nonconformity (*see,* UCC 2-608) or accept the machine and seek damages for the loss resulting from defendant's breach (*see,* UCC 2-714 [1]). Defendant met its burden of establishing that the delay from delivery of the machine to plaintiff's purported rejection was unreasonable as a matter of law (*see, B/R·Sales Co. v Krantor Corp.,* 226 AD2d 328; *S & H Bldg. Material Corp. v Riven,* 176 AD2d 715, 717; *Tabor v Logan,* 114 AD2d 894). Defendant also presented evidence demonstrating that plaintiff failed to provide "the unequivocal timely notice" of revocation of acceptance as required by UCC 2-608 (*Sears, Roebuck & Co. v Galloway,* 195 AD2d 825, 827; *see, Zappala & Co. v Pyramid Co.,* 81 AD2d 983, 984, *lv denied* 55 NY2d 603). In response to defendant's submissions, plaintiff failed to present proof raising a triable issue of fact with respect to its rejection or revocation of acceptance of the machine.

Plaintiff's failure effectively to reject or revoke acceptance of the machine, however, does not impair any other remedy provided by UCC article 2 for nonconformity (*see,* UCC 2-607 [2]; *Flick Lbr. Co. v Breton Indus.,* 223 AD2d 779, 780; *Sears, Roebuck & Co. v Galloway, supra,* at 827; *Gem Jewelers v Dykman,* 160 AD2d 1069, 1070). The right of plaintiff to recover damages is preserved as long as it notified defendant "within a reasonable time after [it] discover[ed] or should have discovered any breach" (UCC 2-607 [3] [a]; *see,* UCC 2-605 [1] [a]). Timely notification under section 2-607 "is governed by the standard of reasonableness and is a question of fact" (*Cuba Cheese v Aurora Val. Meats,* 113 AD2d 1012). Further, to satisfy the requirement of that section, the notice given by plaintiff had only to "alert [defendant] that the transaction [was] troublesome and [did] not need to include a claim for damages or threat of future litigation" (*Computer Strategies v Commodore Bus. Machs.,* 105 AD2d 167, 176). Viewed under that standard, plaintiff's repeated complaints and requests for service were sufficient to preserve plaintiff's right to sue for damages (*see, Panda Capital Corp. v Kopo Intl.,* 242 AD2d 690; *Sears, Roebuck & Co. v Gal-*

*loway, supra,* at 827; *Milligan Contr. v Mancini Assocs.,* 174 AD2d 136, 139).

Finally, the submissions of both parties raise triable issues of fact whether the machine was nonconforming (*see, Flick Lbr. Co. v Breton Indus., supra,* at 780-781) and, if so, whether such nonconformity was the cause of plaintiff's damages. (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Boehm, JJ.