■ HOOPER HANDLING, INC., Respondent, v JONMARK CORPORATION, Doing Business as PREMIUM WINE AND SPIRITS, Appellant. [701 NYS2d 577] —Judgment unanimously reversed on the law without costs and motion denied. Memorandum: Plaintiff commenced this action seeking payment from defendant for goods sold and delivered. Defendant agreed to purchase from plaintiff shelving and mezzanine construction for its retail liquor store. The shelving and mezzanine were delivered and installed during September, October and November 1995. During installation, defendant complained to plaintiff that the shelving was unstable and swayed considerably. Defendant also expressed concern regarding the weight-bearing capacity of the mezzanine. In June 1996 defendant hired an engineering firm to examine the design specifications in the diagrams as well as the system itself. The expert engineer opined that the floor joists and connections on the mezzanine were over-stressed, and that some of the shelving was unstable. Defendant disassembled the shelving, notified plaintiff of the findings, and refused to pay for the goods. Plaintiff commenced this action and moved for summary judgment. Supreme Court erred in granting the motion.

When it received the allegedly nonconforming goods, defendant had the option of rejecting the goods (*see,* UCC 2-602,

2-711), accepting the goods but later revoking that acceptance (*see,* UCC 2-608, 2-711), or accepting the goods and seeking damages for breach of warranty or contract (*see,* UCC 2-607, 2-714 [2]; 2-717; *Cliffstar Corp. v Elmar Indus.,* 254 AD2d 723, 724; *Murphy v Mallard Coach Co.,* 179 AD2d 187, 191-192). We agree with plaintiff that defendant did not reject the goods. Defendant's complaints were a request for a cure and not a clear and unequivocal act of rejection (*see, Sears, Roebuck & Co. v Galloway,* 195 AD2d 825, 826; *Maggio Importato v Cimitron, Inc.,* 189 AD2d 654, *lv denied* 82 NY2d 652, *rearg denied* 82 NY2d 803). In addition, defendant's continued use of the goods constituted an acceptance (*see, Sears, Roebuck & Co. v Galloway, supra,* at 826-827; *Maggio Importato v Cimitron, Inc., supra*).

We disagree with plaintiff, however, that defendant did not as a matter of law revoke its acceptance of the goods based on the reasonable assumption that the nonconformity would be cured but was not (*see,* UCC 2-607 [2]; 2-608 [1] [a]). That revocation had to "occur within a reasonable time" (UCC 2-608 [2]). Plaintiff contends that defendant never gave notice of any purported revocation. In opposition to plaintiff's motion, however, defendant submitted evidence that, once it received the engineering firm's report, it notified plaintiff of the nonconformity and instructed plaintiff to pick up the shelving and disassemble the mezzanine. Thus, we conclude that a triable issue of fact exists whether defendant provided notice of the revocation and whether that notice was provided within a reasonable time (*see,* UCC 2-608 [2]).

Even assuming, arguendo, that defendant did not revoke its acceptance, we nevertheless conclude that plaintiff is not entitled to summary judgment on its cause of action for goods sold and delivered. "[A] buyer may defeat or diminish a seller's substantive action for goods sold and delivered by interposing a valid counterclaim for breach of the underlying sales agreement" (*Created Gemstones v Union Carbide Corp.,* 47 NY2d 250, 255). Here, defendant asserted counterclaims for breach of contract and warranties and "raised a significant issue regarding the nonconformity of the goods shipped to it by plaintiff which, if established, could significantly diminish or negate plaintiff's recovery (*see,* UCC 2-607, 2-714, 2-717)" (*Flick Lbr. Co. v Breton Indus.,* 223 AD2d 779, 781). Thus, the award of summary judgment to plaintiff was premature (*see, Milligan Contr. v Mancini Assocs.,* 174 AD2d 136, 138; *ICS/Executone Telecom v Performance Parts Warehouse,* 171 AD2d 1066, 1066-1067). (Appeal from Judgment of Supreme Court, Erie County,

Mahoney, J.—Summary Judgment.) Present—Green, J. P., Hayes, Scudder and Balio, JJ.