■ M.D. MORRIS, Appellant, v CUTTING MOTORS, INC., Respondent. [770 NYS2d 215]—

Spain, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), entered July 23, 2002, which, inter alia, reversed an order of the City Court of the City of Ithaca denying defendant's motion to set aside the jury verdict.

This is a breach of contract action premised on the following facts. Plaintiff purchased a used vehicle from defendant in September 1998. In March 2000, after experiencing a number of problems with the vehicle, plaintiff returned the vehicle to defendant and requested a credit for its purchase price ($10,754) toward a comparable vehicle, and defendant agreed to look for such a vehicle. No written agreement was executed. Plaintiff left the vehicle, its keys and title documents with defendant and defendant removed its plates and returned them to the Department of Motor Vehicles to be held for plaintiff in escrow. After several months, defendant had not produced a vehicle for plaintiff, prompting plaintiff, in August 2000, to purchase a vehicle from another dealer and then demand that plaintiff pay him the original purchase price. When defendant refused, plaintiff commenced this action for breach of an oral agreement, seeking $10,754 in damages.

A trial was held in Ithaca City Court resulting in a jury verdict in plaintiff's favor. On defendant's appeal, County Court reversed and dismissed the claim on statute of frauds grounds. Plaintiff appeals. Because we agree with County Court that the statute of frauds bars plaintiff's claim as a matter of law, we affirm.

The UCC governs this matter and, thus, the alleged oral contract is unenforceable unless one of several exceptions applies to the general requirement that contracts for the sale of goods valued at over $500 be in writing (*see* UCC 2-201). Here, plaintiff relies on UCC 2-201 (3) (c), which provides an exception to the writing requirement where the goods "have been received and accepted" (UCC 2-201 [3] [c]). Plaintiff argues that defendant "accepted" the car by acting in a manner "inconsistent with [plaintiff's] ownership" (UCC 2-606 [1] [c]). We cannot agree. A review of the record reveals no evidence of any act by defendant demonstrating an intention by defendant to resume ownership of the vehicle but, rather, supports the conclusion that defendant was holding the vehicle entirely for plaintiff's convenience and at no benefit to itself, until a trade could be worked out (*cf. Gem Source Intl. v Gem-Works N.S., L.L.C.*, 258 AD2d 373, 374 [1999], *lv dismissed* 93 NY2d 999 [1999]; *Sears, Roebuck & Co. v Galloway*, 195 AD2d 825, 826 [1993]). Likewise, plaintiff's contention on appeal that he actually signed the certificate of title to the vehicle, thereby legally transferring ownership to defendant, is completely without any testimonial or documentary support in the record. Accordingly, as no exception to the statute of frauds applies, the alleged oral contract is unenforceable as a matter of law.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.