McCarthy, J.
Appeal from an order of the Supreme Court (McNamara, J.), entered September 27, 2012 in Albany County, which partially granted plaintiffs motion for summary judgment.
In September 2010, the parties entered into an oral contract for plaintiff to deliver and install furniture and wall panels in defendant’s new office. Although defendant desired to have the installation completed in October 2010, the parties discovered when the furniture arrived that the manufacturer had used the incorrect fabric on the panels. The correct panels arrived in late December 2010 and were apparently installed in early January 2011. Plaintiff sent defendant an invoice dated January 4, 2011. Defendant had previously made a down payment, but did not make any payments after receiving the invoice. In January 2012, plaintiff commenced this action seeking to collect the remainder of its bill. Defendant counterclaimed, seeking damages for plaintiff’s alleged breach of contract due to the late delivery. Plaintiff moved for summary judgment on its claims and to dismiss defendant’s counterclaim. Supreme Court granted plaintiff summary judgment on its breach of contract cause of action and dismissed the part of defendant’s counterclaim seeking two months rent.* Defendant appeals.
Supreme Court did not err in granting plaintiff summary judgment on its breach of contract cause of action. Because the transaction predominantly involved the sale of goods, the parties’ rights and remedies are governed by UCC article 2 (see *1416 Sears, Roebuck & Co. v Galloway, 195 AD2d 825, 826 [1993]). The parties’ oral contract is enforceable because both parties acknowledge the existence of that contract (see UCC 2-201 [3] [b]). The UCC provides that acceptance of goods takes place, among other ways, when the buyer fails to reject them after having a reasonable opportunity to inspect them (see UCC 2-606 [1] [b]; Sears, Roebuck & Co. v Galloway, 195 AD2d at 826; B. Milligan Contr. v Mancini Assoc., 174 AD2d 136, 138 [1992]). A buyer must pay for accepted goods at the contract rate (see UCC 2-607 [1]), but may eliminate or diminish the amount claimed by a seller by asserting a valid counterclaim for breach of the sales agreement (see Created Gemstones v Union Carbide Corp., 47 NY2d 250, 255 [1979]; Flick Lbr. Co. v Breton Indus., 223 AD2d 779, 780 [1996]; B. Milligan Contr. v Mancini Assoc., 174 AD2d at 138). Where a seller has allegedly breached the contract, a buyer who has accepted the goods “must within a reasonable time after he [or she] discovers or should have discovered any breach notify the seller of breach or be barred from any remedy” (UCC 2-607 [3] [a]; see Sears, Roebuck & Co. v Galloway, 195 AD2d at 827).
Plaintiff met its burden on the summary judgment motion by submitting proof that it delivered and installed the furniture, defendant accepted the furniture by retaining it without attempting to return it, and defendant only paid the $13,250 down payment on the $44,330.21 contract (see UCC 2-606 [1]; Sears, Roebuck & Co. v Galloway, 195 AD2d at 827; Maggio Importato, Inc. v Cimitron Inc., 189 AD2d 654, 654 [1993], lv denied 82 NY2d 652 [1993]; B. Milligan Contr. v Mancini Assoc., 174 AD2d at 138). Defendant does not dispute the amount that it has paid, that the furniture was delivered and that it has not been returned. Defendant only argues that it is entitled to an offset for rent and other costs allegedly incurred due to plaintiffs late delivery, which allegedly prevented defendant from occupying the new office for several months (see UCC 2-714). We will assume, for purposes of this motion and giving defendant the most favorable view of the evidence, that delivery before November 2010 was a material term of the contract. Defendant contends that, during a November 1, 2010 meeting, it provided sufficient notice to plaintiff regarding the breach of this condition. Even if this oral communication to plaintiff’s non-managerial representatives constituted proper and timely notice of a breach of a material term of the contract, defendant could only recover causally-related consequential damages “which could not reasonably be prevented by cover or otherwise” (UCC 2-715 [2] [a]).
Defendant does not address how it “attempted] to minimize *1417 [its] damages in good faith, either by cover or otherwise” (UCC 2-715, Comment 2). Although defendant’s managing member averred that the “delay rendered [defendant’s office space unusable,” she did not elaborate or explain how it was unusable. Plaintiffs chief executive officer averred that plaintiff offered to install the furniture and panels with the incorrect fabric while waiting for the correct panels to arrive, at which time plaintiff would replace the fabric outside of defendant’s business hours, but defendant declined this offer. In its response to the motion, defendant failed to assert that it made any effort to cover or minimize its damages, and did not address plaintiffs assertion that defendant declined plaintiff’s offer to install furniture and panels that were fully functional — even if made with the incorrect fabric — in the interim, leaving no evidence that defendant’s damages could not have been prevented (see UCC 2-715 [2] [a]; see also V. Zappala & Co. v Pyramid Co. of Glens Falls, 81 AD2d 983, 984 [1981], lv denied 55 NY2d 603 [1981]). Accordingly, Supreme Court properly granted plaintiff summary judgment on its breach of contract cause of action and dismissed the portion of the counterclaim seeking two months rent.
Stein, J.P., Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

 Defendant also alleged that plaintiffs breach of the contract caused defendant damages related to installing cables and wires. Supreme Court denied the part of plaintiffs summary judgment motion seeking dismissal of this portion of the counterclaim, which is not at issue on appeal.