*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                517895
_____

FERRATELLA BROTHERS, LLC,
                    Appellant-
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JOSEPH SACCO,
                    Respondent-
                    Appellant.
_____

Calendar Date:  September 11, 2014

Before:  Peters, P.J., Lahtinen, Stein, Garry and Devine, JJ.

_____

        Samuel Castellino, Big Flats, for appellant-respondent.

        Pope & Schrader, LLP, Binghamton (Kurt Schrader of counsel), for respondent-appellant.

_____

Lahtinen, J.

        Cross appeals from an order of the Supreme Court (O'Shea, J.), entered January 4, 2013 in Chemung County, upon a decision of the court partially in favor of defendant.

        In August 2006, plaintiff agreed to purchase a point of sale system from defendant for its restaurant.[1]  The system

_____

        [1]  The system was intended to, among other things, assist in tracking restaurant orders, maintaining inventory, monitoring catering orders, processing credit card payments, including supplying separate information regarding tips, and maintaining information about employees ranging from payroll to scheduling.

included computer hardware and software as well as setup. Defendant was unable to get the system operating to plaintiff's full satisfaction and, in January 2008, the parties executed a written agreement providing that defendant had until March 15, 2008 to have the system operating to plaintiff's satisfaction. If defendant did so, plaintiff would pay the balance of $3,000 — the amount agreed to be due on the original contract — and if defendant failed to do so, plaintiff could return all equipment and defendant would reimburse plaintiff all payments previously made to defendant in the amount of $12,000. The agreement's deadline was thereafter extended to April 15, 2008.

In October 2011, plaintiff commenced this action alleging breach of the January 2008 agreement and seeking the return of all monies it had paid defendant. Defendant counterclaimed for the unpaid balance on the equipment, which was still being used by plaintiff. After a nonjury trial, Supreme Court dismissed both plaintiff's action and defendant's counterclaim. Both parties appeal.

We affirm. The parties' initial transaction, involving primarily a sale of goods (computer software and hardware), was governed by UCC article 2 (see Sears, Roebuck & Co. v Galloway, 195 AD2d 825, 826 [1993]). A purchaser's remedies when seeking full reimbursement for nonconforming goods include, among other things, revoking acceptance within a reasonable time of delivery (see Hooper Handling v Jonmark Corp., 267 AD2d 1075, 1075-1076 [1999]; Cliffstar Corp. v Elmar Indus., 254 AD2d 723, 724 [1998]); however, the failure to promptly revoke acceptance does not necessarily foreclose other relief (see B. Milligan Contr. v Mancini Assoc., 174 AD2d 136, 139 [1992]; V. Zappala & Co. v Pyramid Co. of Glens Falls, 81 AD2d 983, 984 [1981], lv denied 55 NY2d 603 [1981]). The parties' January 2008 agreement established a specific date not only for defendant's complete performance, but also for plaintiff's right of a full refund upon return of the equipment.

Proof at trial established that plaintiff kept and used the equipment for 3½ years beyond the specifically agreed to date before commencing this litigation and, in fact, was still using the equipment at the time of trial. Plaintiff's delay was

unreasonable under the UCC as well as the specific terms of the January 2008 agreement, and Supreme Court did not err in dismissing plaintiff's action seeking a full refund.  Further, Supreme Court's dismissal of defendant's counterclaim is supported by ample evidence that defendant failed to get the system operating in complete compliance with the contract, and that the amount that defendant had already received constituted reasonable compensation for the system that was delivered.

Peters, P.J., Stein, Garry and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court