■ CYNTHIA R. INMAN et al., Respondents, v SCARSDALE SHOPPING CENTER ASSOCIATES, LLC, Doing Business as GOLDEN HORSESHOE SHOPPING CENTER, et al., Appellants. [52 NYS3d 490]—

In an action, inter alia, to recover damages for negligence, the defendants appeal from a judgment of the Supreme Court, Westchester County (Adler, J.), dated November 25, 2014,

which, upon a jury verdict on the issue of liability in favor of the plaintiffs and a separate jury verdict on the issue of damages, and upon the denial of their motions pursuant to CPLR 4401 and 4404 (a), is in favor of the plaintiffs and against them in the principal sum of $535,000.

Ordered that the judgment is affirmed, with costs.

The defendants' contention that there was an error on the liability verdict sheet is unpreserved for appellate review (*see Ganaj v New York City Health & Hosps. Corp.*, 130 AD3d 536 [2015]; *Vittorio v U-Haul Co.*, 77 AD3d 917 [2010]; *Laboda v VJV Dev. Corp.*, 296 AD2d 441 [2002]). Further, contrary to the defendants' contention, there was no error in the damages verdict sheet, and, in any event, the verdict sheet was proper when examined in the context of the Supreme Court's charge (*see Booth v Penney Co.*, 169 AD2d 663 [1991]).

" 'A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party' " (*Hamilton v Rouse*, 46 AD3d 514, 516 [2007], quoting *Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]). "In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Here, viewing the evidence in the light most favorable to the plaintiffs, and affording them every inference which may properly be drawn from the facts presented, a rational jury could have found that the defendants were negligent and caused damages to the plaintiffs (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 745-746 [1995]; *Nicastro v Park*, 113 AD2d 129, 130 [1985]). Further, it cannot be said that the jury's verdicts in favor of the plaintiffs as to liability and damages could not have been reached on any fair interpretation of the evidence (*see Sessa v Seddio*, 132 AD3d 656, 656 [2015]). Thus, the jury's verdicts were not contrary to the weight of the credible evidence.

The defendants' remaining contention, that the Supreme Court erred in excluding evidence of a resolution of the City of New Rochelle Department of Development Planning Board, is without merit. Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.