Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered February 28, 2017. The order, insofar as appealed from, denied those parts of the motion of plaintiff for summary judgment on the amended complaint and for summary judgment dismissing the counterclaim.
 

 It is hereby ordered that the order insofar as appealed from is reversed on the law without costs, the motion is granted in part, the counterclaim is dismissed, and judgment is ordered in accordance with the following memorandum: Plaintiff commenced this breach of contract action against DeSpirt Mosaic & Marble Co., Inc. (defendant), incorrectly sued as DeSpirit Mosaic & Marble Co., Inc., and defendant Merchants Bonding Company (Mutual) seeking to recover $32,994.74 allegedly owed for certain natural stone tiles. In their answer, defendants admitted that plaintiff delivered the natural stone tiles to defendant and that defendant accepted them, but they denied that any further payment was owed to plaintiff. In addition, defendant interposed a counterclaim seeking, inter alia, an offset for certain porcelain tiles that plaintiff also delivered to defendant.
 

 Plaintiff, as limited by its brief, contends that Supreme Court erred in denying those parts of its motion for summary judgment on the amended complaint and for summary judgment dismissing the counterclaim. We agree. It is well settled that “a buyer must pay for any goods accepted” (Flick Lbr. Co. v Breton Indus., 223 AD2d 779, 780 [3d Dept 1996]; see UCC 2-607 [1]). A buyer may, however, defeat or diminish the seller’s recovery by asserting a valid counterclaim seeking an offset for nonconforming goods (see UCC 2-714 [1]; Hooper Handling v Jonmark Corp., 267 AD2d 1075, 1076 [4th Dept 1999]). Additionally, a buyer may interpose a valid counterclaim for material misrepresentation or fraud (see generally Cayuga Press of Ithaca v Lithografiks, Inc., 211 AD2d 908, 910 [3d Dept 1995]), and the remedies for such counterclaims are the same as those available for a nonfraudulent breach (see UCC 2-721). Here, defendants admitted that defendant accepted the natural stone tiles that are the subject of this action, and they do not allege that there was any nonconformity or material misrepresentation with respect to those natural stone tiles. Plaintiff thus met its burden of establishing its entitlement to judgment as a matter of law (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), and defendants failed to raise an issue that, “if established, could significantly diminish or negate plaintiff’s recovery” (Flick Lbr. Co., 223 AD2d at 781).
 

 We therefore reverse the order insofar as appealed from, grant plaintiff’s motion in part, dismiss the counterclaim and order that judgment be entered in favor of plaintiff in the amount of $30,792.13, together with interest at the rate of 9% (see CPLR 5004) commencing October 9, 2014, the earliest ascertainable date on which a breach of contract cause of action for damages in that amount existed (see CPLR 5001 [b]), and in the amount of $2,202.61, together with interest at the rate of 9% (see CPLR 5004) commencing October 27, 2014, the earliest ascertainable date on which a breach of contract cause of action for damages in that amount existed (see CPLR 5001 [b]), plus costs and disbursements.
 

 Present—Carni, J.P., Lindley, DeJoseph, Troutman and Winslow, JJ.