Campbell v Bradco Supply Co. (2021 NY Slip Op 01745)





Campbell v Bradco Supply Co.


2021 NY Slip Op 01745


Decided on March 24, 2021


Appellate Division, Second Department


Christopher, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-09525
 (Index No. 11307/10)

[*1]Margaret Campbell, appellant, 
v
Bradco Supply Company, respondent, et al., defendant.



APPEAL by the plaintiff, in an action, inter alia, to recover damages for breach of contract, from an order of the Supreme Court (C. Stephen Hackeling, J.), dated June 27, 2018, and entered in Suffolk County. The order, insofar as appealed from, upon a jury verdict, granted the motion of the defendant Bradco Supply Company, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff and against it in the principal sum of $30,000 and for judgment as a matter of law, and directed dismissal of the complaint.



Law Offices of Joel J. Ziegler, PLLC, Smithtown, NY, for appellant.
The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Michele C. Englander of counsel), for respondent.



CHRISTOPHER, J.


OPINION & ORDER
This appeal raises the primary issue of a buyer's right to redress and her remedies notwithstanding the acceptance of non-conforming goods under article 2 of the Uniform Commercial Code. The plaintiff in this action, inter alia, to recover damages for breach of contract, appeals from an order of the Supreme Court, Suffolk County, dated June 27, 2018, which, after trial, among other things, granted the motion of the defendant Bradco Supply Company (hereinafter Bradco), in effect, pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff and against it in the principal sum of $30,000 and for judgment as a matter of law, and directed dismissal of the complaint.
The Supreme Court should have denied Bradco's motion to set aside the verdict. For the reasons that follow, the order should be reversed, the jury verdict reinstated to the extent of awarding the plaintiff the principal sum of $30,000, and the matter remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment in favor of the plaintiff.
Factual and Procedural Background
In January 2009, the plaintiff, Margaret Campbell, who was then 76 years old, entered into a contract to purchase kitchen cabinets from Bradco through its salesperson, the defendant Harris Boshak, who designed the layout of the cabinets in the plaintiff's kitchen. The cabinets were delivered on February 13, 2009. On that day, prior to the unpacking and installation of the cabinets, the plaintiff signed a document entitled "Completion Certificate" that stated "DO NOT SIGN THIS CERTIFICATE UNTIL ALL SERVICES HAVE BEEN SATISFACTORILY PERFORMED AND MATERIAL SUPPLIED OR GOODS RECEIVED ARE FOUND SATISFACTORY." According [*2]to the plaintiff, Boshak was present at her house when the cabinets were delivered and one box was opened to confirm the color. He then left before the cabinets were unpacked.
Shortly after the cabinets were unpacked on February 13, 2009, the plaintiff discovered that the cabinets delivered were defective. The same day, the plaintiff and her cabinet installer notified Boshak of the multiple non-conformities. Boshak instructed that the cabinets be installed as is, pending Bradco's inspection and remediation of the cabinets.
According to the plaintiff, on February 14, 2009, she notified Boshak that she was dissatisfied with the cabinets, and thereafter continued to contact him and other representatives of Bradco regarding various problems with the cabinets. She asserted that, "ultimately, the overall design and installation instructions provided by Mr. Boshak were faulty, insufficient, flawed, and unusable." She asserted, inter alia, that the cabinets were too wide for the kitchen walls, that some of the cabinets overlapped a window in the kitchen, that the defendants did not deliver enough crown molding for the cabinets, that the crown molding did not reach the ceiling, that the light rails that were delivered with the cabinets were cracked, that the cabinet doors on each side of the oven could not be opened properly without hitting the oven hood, that the design of the wall oven cut out was eight inches higher than the manufacturer's recommended height, and that, essentially, the overall design was defective. The plaintiff alleged that after many conversations and meetings with Bradco representatives between February 20, 2009, and April 8, 2009, the defendants failed to remedy the problems, despite promises to do so.
By summons and complaint dated February 23, 2010, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, breach of implied warranties, and breach of implied warranty of fitness and merchantability. After trial, the jury returned a verdict in favor of the plaintiff and against Bradco in the principal sum of $30,000. The jury found that, while the plaintiff signed the Completion Certificate for the project's funding, Bradco breached its contractual obligations and the implied warranty of fitness. Thereafter, Bradco moved, in effect, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law. The Supreme Court, inter alia, granted Bradco's motion and directed dismissal of the complaint. The plaintiff appeals.
Analysis
On appeal, the plaintiff contends that the Supreme Court improperly set aside the verdict.
A motion for judgment as a matter of law pursuant to CPLR 4404(a) may be granted "only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Tapia v Dattco, Inc., 32 AD3d 842, 844; see Cohen v Hallmark Cards, 45 NY2d 493, 499; Larkin v Wagner, 170 AD3d 1145, 1147). In this case, a valid line of reasoning and permissible inferences could lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial (see Cohen v Hallmark Cards, 45 NY2d 493; Fekry v New York City Tr. Auth., 75 AD3d 616, 617).
Acceptance of Goods
Under article 2 of the UCC:
"(1) Acceptance of goods occurs when the buyer
"(a) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he [or she] will take or retain them in spite of their non-conformity; or
"(b) fails to make an effective rejection (subsection (1) of Section 2-602), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or
"(c) does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him [or her]" (UCC 2-606[1]).
"Acceptance of goods by the buyer precludes rejection of the goods accepted" (UCC 2-607[2]; see Comment 2). However, "acceptance does not of itself impair any other remedy provided by [article 2 of the UCC] for non-conformity" (UCC 2-607[2]; see Flick Lbr. Co. v Brenton Indus., 223 AD2d [*3]779, 780; Sears, Roebuck & Co. v Galloway, 195 AD2d 825, 827). "Thus, 'acceptance leaves unimpaired the buyer's right to be made whole, and that right can be exercised by the buyer not only by way of cross-claim for damages, but also by way of recoupment in diminution or extinction of the [purchase] price'" (Sears, Roebuck & Co. v Galloway, 195 AD2d at 827, quoting UCC 2-607, Comment 6). However, upon acceptance of the goods, "the buyer must within a reasonable time after he [or she] discovers or should have discovered any breach notify the seller of breach or be barred from any remedy" (UCC 2-607[3][a]). "Where the buyer has accepted goods and given notification (subsection (3) of Section 2-607) he [or she] may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable" (UCC 2-714[1]). This remedy is "available to the buyer after the goods have been accepted and the time for revocation of acceptance has gone by" (UCC 2-714, Comment 1).
Revocation
Moreover, after the buyer has accepted allegedly non-conforming goods, the buyer may revoke acceptance of the goods under certain limited circumstances and "obtain the same remedies as are available upon rejection" (Murphy v Mallard Coach Co., 179 AD2d 187, 191; see UCC 2-711; see also Grounds for revocation of acceptance of goods, 2 Hawkland UCC Series § 2-608:1).
"(1) The buyer may revoke his [or her] acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him [or her] if he [or she] has accepted it
"(a) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or
"(b) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
"(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
"(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he [or she] had rejected them" (UCC § 2-608[1]; see Hooper Handling, Inc. v Jonmark Corp., 267 AD2d 1075, 1075).
Thus, in order to properly revoke acceptance, the buyer must notify the seller of the alleged non-conformities "within a reasonable time after the buyer discovers or should have discovered the ground for [revocation] and before any substantial change in condition of the goods which is not caused by their own defects" and must notify the seller that they are revoking (UCC 2-608[2]).
Discussion
In this case, the jury found that the plaintiff signed the Completion Certificate, which advised her not to sign the document until the contract had been completed satisfactorily. As such, the record supports a finding that, by signing the Completion Certificate upon the delivery of the kitchen cabinets on February 13, 2009, the plaintiff accepted the goods (see UCC 2-606[1][a]). Hence, based upon the plaintiff's acceptance, she was precluded from rejecting the goods when she discovered that the cabinets were non-conforming (see UCC 2-607[2]).
However, contrary to the determination of the Supreme Court, the jury's finding that the plaintiff signed the Completion Certificate upon delivery of the goods at issue in this case did not mandate that the verdict be set aside and the action dismissed, pursuant to the Uniform Commercial Code.
The record demonstrates that the plaintiff was entitled to revoke her acceptance of the goods pursuant to UCC 2-608, as the goods delivered were non-conforming to the contract (see UCC 2-608[1]). Here, the record supports a finding of a multitude of defects, including that the cabinets that were delivered were not the correct type, that the cabinets were too wide for the kitchen walls, that the defendants failed to deliver enough crown molding for the cabinets, and that the light rails that were delivered were cracked.
Further, the plaintiff established that these non-conformities substantially impaired [*4]the value of the cabinets (see UCC 2-608[1]). The cabinet doors could not be opened properly without hitting the oven hood and the cabinets interfered with the plaintiff's use of appliances in the kitchen, including the oven.
In addition, the plaintiff established that her initial acceptance of the cabinets was reasonably induced by the difficulty of discovering the defects in the goods (see UCC 2-608[1][b]). Here, the plaintiff asserted that, on the date that the cabinets were delivered to her house, one of the boxes was opened while Boshak was present to confirm that the color of the cabinets was correct. The plaintiff was unaware that the cabinets that were delivered were too wide for the kitchen wall, that the defendants failed to deliver enough crown molding for the cabinets, and that the crown molding did not reach the ceiling.
"Subsection 2 [of section 2-608 of the UCC] requires notification of revocation of acceptance within a reasonable time after discovery of the grounds for such revocation" (UCC 2-608, Comment 4). After her initial acceptance, the plaintiff provided the defendants with "unequivocal timely notice" of her revocation of acceptance of the goods (Sears, Roebuck & Co. v Galloway, 195 AD2d at 827; see UCC 2-608[2]). "What is a reasonable time is dependent on the surrounding circumstances and is a question of fact" (Process for revocation of acceptance of goods, 2 Hawkland UCC Series § 2-608:2; see Ferratella Bros., LLC v Sacco, 121 AD3d 1467, 1468 [the delay in notification was unreasonable as "[the] plaintiff kept and used the equipment for 3½ years beyond the specifically agreed to date before commencing this litigation and . . . was still using the equipment at the time of trial"]; S & H Bldg. Material Corp. v Riven, 176 AD2d 715, 717). "Since this remedy will be generally resorted to only after attempts at adjustment have failed, the reasonable time period should extend in most cases beyond the time in which notification of breach must be given, beyond the time for discovery of non-conformity after acceptance and beyond the time for rejection after tender" (UCC 2-608[2], Comment 4).
Here, the plaintiff first notified the defendants of the non-conformities on February 13, 2009, and again on February 14, 2009. The plaintiff also attempted to contact the defendants between February 20, 2009, and April 8, 2009, to discuss the non-conformities and to reach an agreement to remedy the non-conformities. However, the defendants did not contact the plaintiff after April 8, 2009. Moreover, contrary to Bradco's contention, the record demonstrates that the plaintiff provided the defendants sufficient time to cure the defects (see UCC 2-608, 2-508).
Alternate Remedies
In any event, even if the jury found that the plaintiff did not properly revoke her acceptance of the cabinets, the jury could have found that the plaintiff was entitled to other remedies pursuant to UCC 2-607 (see Cliffstar Corp. v Elmar Indus., 254 AD2d 723, 724; Flick Lbr. Co. v Breton Indus., 223 AD2d at 780). In order to preserve the right to recover damages, after acceptance of goods, the buyer must notify the seller "within a reasonable time after he [or she] discovers or should have discovered any breach" (UCC 2-607[3][a]; see Cliffstar Corp. v Elmar Indus., 254 AD2d at 724). Timeliness is "governed by the standard of reasonableness and is a question of fact" (Cuba Cheese v Aurora Val. Meats, 113 AD2d 1012, 1012). Further, the buyer's notification "need only alert the seller that the transaction [was] troublesome and does not need to include a claim for damages or threat of future litigation" (Computer Strategies v Commodore Bus. Machs., 105 AD2d 167, 176; see UCC 2-607, Comment 4). Here, the plaintiff's repeated complaints and requests for the defendants to remedy the non-conformities in the cabinets were sufficient to preserve the plaintiff's right to sue for damages (see Cliffstar Corp. v Elmar Indus., 254 AD2d at 724; Sears, Roebuck & Co. v Galloway, 195 AD2d at 827).
Therefore, the jury's verdict that, inter alia, the defendant breached their contract with the plaintiff, breached the implied warranty of fitness, and that the plaintiff was entitled to damages in the amount of $30,000 was supported by a valid line of reasoning and permissible inferences from the evidence at trial (see Fekry v New York City Tr. Auth., 75 AD3d at 617).
We further find that the jury's response to question number seven on the verdict sheet was a ministerial error, at most (see Scaduto v Suarez, 150 AD2d 545, 547). To the extent that the defendants are now raising a claim of inconsistency within the verdict sheet, such a claim is not preserved for appellate review (see Arizmendi v City of New York, 56 NY2d 753, 754-755; Inman v Scarsdale Shopping Ctr. Assoc., LLC, 149 AD3d 1049, 1050). Nor does our determination merit a new trial, as there were no inherent defects, nor any confusion or ambiguity in the verdict, that were "apparent from the trial record" (Moisakis v Allied Bldg. Prods. Corp., 265 AD2d 457, 458; see Maurer v Tops Mkts., LLC, 70 AD3d 1504, 1505).
[*5]Conclusion
Accordingly, for the reasons stated herein, the order is reversed insofar as appealed from, on the law, Bradco's motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff and for judgment as a matter of law is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment in favor of the plaintiff in accordance with the determinations herein.
RIVERA, J.P., DUFFY and BRATHWAITE NELSON, JJ., concur.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Bradco Supply Company, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff and against it in the principal sum of $30,000 and for judgment as a matter of law is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment in favor of the plaintiff.
ENTER:
Aprilanne Agostino
Clerk of the Court