■ ATTA D. FEKRY, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and MTA BUS COMPANY et al., Appellants. [906 NYS2d 297]—

In an action to recover damages for personal injuries, the defendants MTA Bus Company and Ronald Pierre appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered July 10, 2009, as denied that branch of their motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability finding them 28% at fault, the defendant Maria Torres 65% at fault, and the plaintiff 7% at fault in the happening of the accident and for a judgment as a matter of law, or to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, or for a mistrial.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied those branches of the motion of the defendants MTA Bus Company and Ronald Pierre (hereinafter together the appellants) which were pursuant to CPLR 4404 (a) for judgment as a matter of law and to set aside

the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial. Pursuant to CPLR 4404 (a), a trial court "may set aside a verdict . . . and direct that judgment be entered in favor of a party entitled to judgment as a matter of law." Here, however, a valid line of reasoning and permissible inferences could lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Lalanne v Nyack Hosp.*, 45 AD3d 645, 646 [2007]). Further, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Ahr v Karolewski*, 48 AD3d 719 [2008]; *Nicastro v Park*, 113 AD2d 129 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). It is for the trier of fact to make determinations as to the credibility of the witnesses, and great deference is accorded to the factfinders, who had the opportunity to see and hear the witnesses (*see Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]). Applying these principles, the Supreme Court properly denied that branch of the appellants' motion which was pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. A fair interpretation of the evidence supported the jury's determination that Pierre's negligent operation of his vehicle contributed to the happening of the incident (*see Nicastro v Park*, 113 AD2d 129 [1985]).

Contrary to the appellants' contention, the Supreme Court properly denied that branch of their motion which was for a mistrial based upon improper comments made by the plaintiff's counsel during the summation. The Supreme Court sustained the appellants' objection to these comments, provided curative instructions, and openly admonished the plaintiff's counsel, correcting any possible prejudice (*see Blanar v Dickinson*, 296 AD2d 431 [2002]; *Bacigalupo v Healthshield, Inc.*, 231 AD2d 538 [1996]).

The Supreme Court did not improvidently exercise its discretion in denying the appellants' request to charge the jury on the emergency doctrine, as there is no reasonable view of the evidence supporting the occurrence of a qualifying emergency (*see Caristo v Sanzone*, 96 NY2d 172, 174-175 [2001]; *cf. Waugh v Johns*, 206 AD2d 525 [1994]). Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.