KATHLEEN LEONARD et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [934 NYS2d 721]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d

241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A motion for judgment as a matter of law pursuant to CPLR 4404 (a) "may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553 [1997]). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Hand v Field*, 15 AD3d 542, 543 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d at 556). Applying these principles here, there was a valid line of reasoning and permissible inferences by which the jury could have rationally concluded that the defendant driver was not negligent in the operation of his vehicle (*see generally Szczerbiak v Pilat*, 90 NY2d 553 [1997]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]).

Moreover, upon our review of the record, we find that the verdict was based upon a fair interpretation of the evidence presented to the jury and, thus, was not contrary to the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]).

The plaintiffs' remaining contention is without merit. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.