YOUNG HEE LEE, Respondent, v INSPA WORLD et al., Appellants. [934 NYS2d 817]—

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the

verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). The jury's determinations as to the credibility of the witnesses are given deference, given its opportunity to see and hear the witnesses (*see Ahr v Karolewski*, 48 AD3d 719 [2008]; *Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]). Applying these principles to the facts of this case, the jury's determination that the defendant Inspa World was 100% at fault in the happening of the accident was supported by a fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129 [1985]).

Inspa World's remaining contentions are without merit. Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur.