■ Daniel Flynn et al., Appellants, v Elrac, Inc., et al., Respondents. [950 NYS2d 582]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Diamond, J.), entered May 20, 2011, which denied their motion, in effect, pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants and against them on the issue of liability and for judgment as a matter of law, or, alternatively, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial.

Ordered that the order is affirmed, with costs.

"A motion for judgment as a matter of law pursuant to CPLR . . . 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Hand v Field*, 15 AD3d 542, 543 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d at 556; *see Leonard v New York City Tr. Auth.*, 90 AD3d 858, 859 [2011]). Here, contrary to the plaintiffs' contention, the evidence presented at trial provided a rational basis upon which the jury could have found that the defendant driver was not negligent in the operation of his vehicle (*see Szczerbiak v Pilat*, 90 NY2d at 556; *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Leonard v New York City Tr. Auth.*, 90 AD3d at 859).

Furthermore, "[a] jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*DeSalvo v Kreynin*, 95 AD3d 819, 819 [2012]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Young Hee Lee v Inspa World*, 90 AD3d 915 [2011]). " 'Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors' " (*Vasquez v County of Nassau*, 91 AD3d 855, 857 [2012], quoting *Fekry v New York City Tr. Auth.*, 75 AD3d 616, 617 [2010]; *see Cohen v Hallmark Cards*, 45 NY2d at 498-499). We accord deference to the credibility determinations of the jury as factfinder, which had the opportunity to see and hear the witnesses (*see Vasquez v County*

*of Nassau,* 91 AD3d at 857; *Exarhouleas v Green 317 Madison, LLC,* 46 AD3d 854, 855 [2007]). Applying these principles to the facts of this case, the jury's determination that the defendant driver was not negligent was supported by a fair interpretation of the evidence (*see Young Hee Lee v Inspa World,* 90 AD3d at 916).

Accordingly, the Supreme Court properly denied the plaintiffs' motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, or, alternatively, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.

The plaintiffs' remaining contention is not properly before this Court. Rivera, J.P., Florio, Eng and Cohen, JJ., concur.