In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Baynes, J.), dated June 7, 2012, which, upon a jury verdict in favor of the defendants and against the plaintiffs on the issue of liability, in effect, granted the plaintiffs’ application for a mistrial and directed a new trial on the issues of liability and damages.
Ordered that on the Court’s own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CFLR 5701 [c]); and it is further,
Ordered that the order is reversed, on the law, with costs, the plaintiffs’ application for a mistrial is denied, and the jury verdict is reinstated.
On February 25, 2010, the infant plaintiff was an eighth grade student at a New York City public school. While playing basketball during his first-period gym class, the infant plaintiff fell, allegedly due to a chip or hole in the floor of the gymnasium and a wet condition, and sustained injuries. The infant plaintiff, by his mother, and his mother, individually, commenced this action against the City of New York and the New York City Department of Education.
At trial, the Supreme Court sustained an objection and issued a curative instruction in response to comments made by defense counsel on summation regarding the likelihood of becoming injured while playing basketball, on the ground that the doctrine of primary assumption of the risk did not apply to the facts of this case. The jury returned a verdict in favor of the *809 defendants and against the plaintiffs on the issue of liability. The plaintiffs then made an application for a mistrial based on the summation comments, and the court, in effect, granted the application.
The Supreme Court erred in, in effect, granting the plaintiffs’ application for a mistrial since the court had previously properly sustained objections to the subject summation comments, openly admonished counsel, and provided curative instructions, thereby correcting any possible prejudice resulting from the subject summation comments (see Fekry v New York City Tr. Auth., 75 AD3d 616, 617 [2010]; Hammond v Welsh, 29 AD3d 518, 519 [2006]).
In light of our determination, we need not reach the defendants’ remaining contentions. Rivera, J.E, Skelos, Leventhal and Lott, JJ., concur.