██ In the Matter of STATE OF NEW YORK, Respondent, v TERRY P., Appellant. [971 NYS2d 456]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Terry P., a sex offender allegedly requiring civil management, Terry P. appeals from an order of the Supreme Court, Queens County (Latella, J.), dated March 13, 2012, which, upon a finding that he suffers from a "mental abnormality" as defined in Mental Hygiene Law § 10.03 (i), made after a nonjury trial, and upon a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring confinement, granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 seeking civil management of the appellant. Following a nonjury trial, the Supreme Court found that the appellant suffers from a mental abnormality

within the meaning of Mental Hygiene Law § 10.03 (i). In addition, after a dispositional hearing, the Supreme Court determined that the appellant is a dangerous sex offender requiring confinement.

The Supreme Court's determination that the State demonstrated, by clear and convincing evidence, that the appellant suffers from a "mental abnormality" within the meaning of Mental Hygiene Law § 10.03 (i) was warranted by the facts (*see Matter of State of New York v Kenneth T.*, 106 AD3d 829 [2013], *lv granted* 21 NY3d 863 [2013]; *Matter of State of New York v Robert B.*, 106 AD3d 828 [2013]).

In addition, clear and convincing evidence supports the Supreme Court's finding that the appellant is a dangerous sex offender requiring confinement (*see Matter of State of New York v Kenneth T.*, 106 AD3d 829 [2013]; *Matter of State of New York v Robert B.*, 106 AD3d 828 [2013]; *Matter of State of New York v Brusso*, 105 AD3d 1435 [2013]; *Matter of State of New York v Alfredo M.*, 96 AD3d 1068 [2012]; *Matter of State of New York v Jemal M.*, 91 AD3d 961 [2012]). Angiolillo, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.