In the Matter of State of New York, Respondent, v Dennis K., Appellant. [991 NYS2d 125]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Dennis K., an alleged sex offender requiring civil management, Dennis K. appeals from (1) a decision of the Supreme Court, Kings County (Garnett, J.), dated October 11, 2012, made after a hearing, and (2) an order of the same court dated October 11, 2012, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care and treatment, subject to his right to petition the court for discharge pursuant to Mental Hygiene Law § 10.09 and all other rights provided for by Mental Hygiene Law article 10.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the expert testimony that he suffered from "Paraphilia NOS" and Antisocial Personality Disorder was legally sufficient to show that he suffered from a "mental abnormality" as defined by Mental Hygiene Law § 10.03 (i), under the circumstances herein (*see Matter of State of New York v Shannon S.*, 20 NY3d 99, 104-105, 107 [2012]; *Matter of State of New York v Kenneth T.*, 106 AD3d 829 [2013], *lv granted* 21 NY3d 863 [2013]; *see also Matter of State of New York v Terry P.*, 109 AD3d 934 [2013]; *Matter of State of New York v Alfredo M.*, 96 AD3d 1068, 1069 [2012]; *Matter of State of New York v Spencer D.*, 96 AD3d 768, 770-771 [2012]). The jury's verdict, finding that he suffered from a "mental abnormality," was also not contrary to the weight of the evidence (*see Matter of State of New York v Edison G.*, 107 AD3d 723, 724 [2013]; *Matter of State of New York v Andre L.*, 84 AD3d 1248, 1250 [2011]; *Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1142 [2010]; *Matter of State of New York v Shawn X.*, 69 AD3d 165, 169 [2009]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126 [2009]).

In light of the Supreme Court's jury charge, the summation remarks by the Assistant Attorney General did not deprive the appellant of a fair trial (*see Richardson v City of New York*, 109 AD3d 808, 809 [2013]; *Fekry v New York City Tr. Auth.*, 75 AD3d 616, 617 [2010]). The Supreme Court did not improvidently

exercise its discretion in declining to give the specific jury charge requested by the appellant, in light of its overall charge, which properly set forth the relevant principles (see Mental Hygiene Law § 10.03 [i]).

The Supreme Court did not err in denying the appellant's application to preclude certain expert testimony at the dispositional hearing, based on the State's failure to comply with CPLR 3101 (d), as no wilfulness or significant prejudice was demonstrated (see Ocampo v Pagan, 68 AD3d 1077, 1078 [2009]; Shopsin v Siben & Siben, 289 AD2d 220, 221 [2001]). The Supreme Court also did not err in denying that branch of the appellant's post-hearing motion which was to strike portions of the testimony of a State witness, Dr. Kunkle, based on an alleged violation of the Health Insurance Portability and Accountability Act of 1996 (Pub L 104-191). Notably, Dr. Kunkle testified only that a post-petition search of Department of Corrections records revealed the existence of no pertinent medical records. Under these particular circumstances, the Supreme Court did not err in declining to strike the testimony at issue (see generally 45 CFR 164.508; cf. Matter of Miguel M. [Barron], 17 NY3d 37, 45 [2011]).

The Supreme Court properly found, by clear and convincing evidence, after the dispositional hearing, that the appellant's level of dangerousness is such that he required confinement, rather than strict and intensive supervision (see Mental Hygiene Law § 10.07 [f]; Matter of State of New York v Larry B., 113 AD3d 865, 867 [2014]; Matter of State of New York v Lonard ZZ., 100 AD3d 1279, 1281 [2012]; Matter of State of New York v Clarence D., 82 AD3d 776, 777-778 [2011]; Matter of State of New York v Derrick B., 68 AD3d 1124, 1127 [2009]). Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.