■ Robert Messina et al., Respondents, v Staten Island University Hospital, Appellant. [994 NYS2d 644]—

In an action, inter alia, to recover damages for medical malpractice, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 24, 2012, as denied that branch of its motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of liability finding it 75% at fault for the injuries sustained by the plaintiffs and for judgment as a matter of law or, in the alternative, to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside, as excessive, the damages awards in the sums of $1,000,000 for past pain and suffering and $1,992,000 for future pain and suffering.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A motion for judgment as a matter of law pursuant to CPLR . . . 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Flynn v Elrac, Inc.*, 98 AD3d 938, 939

[2012]). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Hand v Field*, 15 AD3d 542, 543 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d at 556; *see Leonard v New York City Tr. Auth.*, 90 AD3d 858, 859 [2011]). Here, contrary to the defendant's contention, there was a rational process by which the jury could have found that the defendant departed from accepted nursing practice in failing to provide appropriate care for the plaintiff Robert Messina's skin ulcers, and that such departure was a proximate cause of his injuries (*see Burnett v Jeffers*, 90 AD3d 799, 800 [2011]; *Semel v Guzman*, 84 AD3d 1054, 1056 [2011]).

Furthermore, "[a] jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*DeSalvo v Kreynin*, 95 AD3d 819, 819 [2012]; *see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Flynn v Elrac, Inc.*, 98 AD3d at 939; *Young Hee Lee v Inspa World*, 90 AD3d 915 [2011]). " 'Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors' " (*Vasquez v County of Nassau*, 91 AD3d 855, 857 [2012], quoting *Fekry v New York City Tr. Auth.*, 75 AD3d 616, 617 [2010]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]). We accord deference to the credibility determinations of the jury as factfinder, which had the opportunity to see and hear the witnesses (*see Vasquez v County of Nassau*, 91 AD3d at 857; *Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]). Applying these principles to the facts of this case, the jury's determination that the defendant departed from good and accepted nursing practice and that such departure was a proximate cause of the plaintiff Robert Messina's injuries was supported by a fair interpretation of the evidence (*see Young Hee Lee v Inspa World*, 90 AD3d at 916).

The awards for past and future pain and suffering do not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

The defendant's remaining contention is without merit (*see Tarlowe v Metropolitan Ski Slopes*, 28 NY2d 410, 413 [1971]; *Mular v Fredericks*, 305 AD2d 648 [2003]) . Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.