■ ADINA RASO, Respondent, v SACHIM JAMDAR et al., Appellants. [5 NYS3d 264]—

In an action to recover damages for dental malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated August 4, 2014, as granted that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside so much of a jury verdict as failed to award any damages for future pain and suffering, and ordered a new trial on the issue of damages for future pain and suffering unless the defendants stipulated to increase the award therefor to $120,000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside so much of the jury's verdict as failed to award any damages for future pain and suffering is denied.

In determining a motion pursuant to CPLR 4404 (a) to set aside a verdict as against the weight of the evidence, the court must decide whether the evidence so preponderates in favor of the movant that the verdict could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Leonard v New York City Tr. Auth.*, 90 AD3d 858, 859 [2011]; *Medco Plumbing, Inc. v Sparrow Constr. Corp.*, 22 AD3d 647, 649 [2005]). Resolution of the motion does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Flynn v Elrac, Inc.*, 98 AD3d 938, 939 [2012]; *Vasquez v County of Nassau*, 91 AD3d 855, 857 [2012]). Moreover, "[g]reat deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the factfinders, who had the opportunity to see and hear the witness"

(*Hedaya Home Fashions, Inc. v American Motorists Ins. Co.*, 12 AD3d 639, 640 [2004]; *see Flynn v Elrac, Inc.*, 98 AD3d at 939; *Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]). Thus, "[w]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 845 [2006]).

Contrary to the plaintiff's contention, the jury's failure to award damages for future pain and suffering was based upon a fair interpretation of the evidence presented at trial, with consideration given to the credibility of the witnesses and the drawing of reasonable inferences therefrom, and there was no basis in the record for the trial court to disturb the jury's resolution of credibility issues against the plaintiff (*see Abdelkader v Shahine*, 66 AD3d 615, 617 [2009]; *Wertzberger v City of New York*, 254 AD2d 352 [1998]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside the verdict as to damages for future pain and suffering. Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.