# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**605**

**CA 14-02073**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

CATRINA SARAF, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ROGER SMITH, JR., DEFENDANT-RESPONDENT.

---

SPADAFORA & VERRASTRO, LLP, BUFFALO (RICHARD E. UPDEGROVE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF JOHN TROP, BUFFALO, HURWITZ & FINE, P.C. (STEVEN E. PEIPER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered January 29, 2014 in a personal injury action. The order denied the motion of plaintiff to set aside a verdict.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a three-vehicle accident. The accident occurred after defendant's vehicle struck the vehicle in front of him when that vehicle stopped to make a left turn. Plaintiff attempted to avoid a collision with defendant's vehicle by steering into the oncoming lane of traffic, but her vehicle struck the front driver's side of defendant's vehicle.

Supreme Court properly denied plaintiff's motion to set aside the verdict in favor of defendant as against the weight of the evidence. "A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (*Krieger v McDonald's Rest. of N.Y., Inc.*, 79 AD3d 1827, 1828, *lv dismissed* 17 NY3d 734 [internal quotation marks omitted]). Here, a fair interpretation of the evidence supports the jury's determination that, with respect to the collision with plaintiff, defendant was not negligent (*see Pelletier v Lahm*, 111 AD3d 807, 808, *affd* 24 NY3d 966; *Flynn v Elrac, Inc.*, 98 AD3d 938, 940).

Entered: May 1, 2015                          Frances E. Cafarell
                                             Clerk of the Court