Vatalaro v County of Suffolk (2018 NY Slip Op 05351)





Vatalaro v County of Suffolk


2018 NY Slip Op 05351


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-11573
 (Index No. 12002/08)

[*1]Teresa Vatalaro, etc., respondent, 
v
County of Suffolk, et al., appellants.


Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for appellants.
Jordan & LeVerrier, P.C., East Hampton, NY (Conrad Jordan and Schmelkin Associates, P.C., of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for wrongful death, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated October 6, 2015. The order denied the defendants' motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action as administratrix of the estate of Jenna Alyse Vatalaro (hereinafter the decedent) to recover damages for wrongful death allegedly sustained as a result of a motor vehicle accident involving a Suffolk County Transit bus operated by the defendant William R. Dortch. At a trial on the issue of liability, the plaintiff presented evidence that a vehicle operated by the decedent was traveling west on Montauk Highway. The plaintiff also demonstrated that the bus operated by Dortch was traveling east on Montauk Highway at an excessive rate of speed toward the decedent's vehicle when the bus crossed the double-yellow line into the decedent's lane of travel, and struck the decedent's vehicle. By contrast, the defendants presented evidence that the decedent's vehicle entered Montauk Highway from a side street controlled by a stop sign, crossed in front of the bus as if attempting to travel west on Montauk Highway, and that Dortch, who [*2]possessed the right of way, took evasive action by sounding his horn, braking, and steering the bus to the right, but was unable to avoid striking the decedent's vehicle. The jury returned a verdict finding that Dortch was negligent, that his negligence proximately caused the accident, and that the decedent was not negligent. The Supreme Court denied the defendants' motion pursuant to CPLR 4404(a) to set aside the verdict. The defendants appeal, and we affirm.
In determining a motion pursuant to CPLR 4404(a) to set aside a verdict as contrary to the weight of the evidence, the court must decide whether the evidence so preponderates in favor of the movant that the verdict could not have been reached upon any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Leonard v New York City Tr. Auth., 90 AD3d 858, 859; Medco Plumbing, Inc. v Sparrow Constr. Corp., 22 AD3d 647, 649). Resolution of the motion does not involve a question of law, but rather requires a discretionary balancing of many factors (see Flynn v Elrac, Inc., 98 AD3d 938, 939; Vasquez v County of Nassau, 91 AD3d 855, 857). Moreover, "[g]reat deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the factfinders, who had the opportunity to see and hear the witnesses" (Hedaya Home Fashions, Inc. v American Motorists Ins. Co., 12 AD3d 639, 640; see Flynn v Elrac, Inc., 98 AD3d at 939; Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855).
Here, the jury's determination that Dortch was solely at fault for the accident was supported by a fair interpretation of the evidence. The plaintiff presented eyewitness testimony, expert testimony, and photographs of the physical damage to the bus to establish that the bus crossed the double-yellow line into the decedent's lane, causing the accident. Although the defendants' witnesses claimed that the accident happened in a manner different from what the plaintiff claimed, "[w]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Tapia v Dattco, Inc., 32 AD3d 842, 845). Under these circumstances, the defendants' motion pursuant to CPLR 4404(a) to set aside the verdict was properly denied.
We agree with the Supreme Court's determination to grant the plaintiff's request for a Noseworthy charge (see Noseworthy v New York, 298 NY 76). Contrary to the defendants' contention, a Noseworthy charge may be given where the plaintiff is able to call an eyewitness to the accident (see Schechter v Klanfer, 28 NY2d 228, 230-231; Schafer v Mayor of City of N.Y., 154 NY 466, 472). Here, the decedent's alleged comparative fault was at issue, and the plaintiff's witnesses could not describe the accident from the decedent's perspective. Under these circumstances, the parties were not "on equal footing" (Gayle v City of New York, 256 AD2d 541, 542), and the plaintiff was entitled to a Noseworthy charge.
The Supreme Court providently exercised its discretion in denying the defendants' request to instruct the jury on the emergency doctrine (see Vasquez v County of Nassau, 91 AD3d 855, 857).
The plaintiff's remaining contention is without merit.
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court