Bianco v Sherwin (2018 NY Slip Op 06511)





Bianco v Sherwin


2018 NY Slip Op 06511


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-12520
2016-03881
 (Index No. 601321/09)

[*1]Anthony Bianco, etc., respondent, 
v
Steven R. Sherwin, appellant.


Farley, Holohan & Glockner, LLP (Martin Clearwater & Bell LLP, New York, NY [Barbara D. Goldberg], of counsel), for appellant.
Silberstein, Awad & Miklos, P.C., Garden City, NY (Joseph P. Awad of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant appeals from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered October 27, 2015, and (2) a judgment of the same court entered February 22, 2016. The order denied the defendant's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff and against the defendant and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability or for a new trial on the issue of damages unless the plaintiff stipulated to a reduction in the damages award. The judgment, upon the jury verdict, and upon the order, is in favor of the plaintiff and against the defendant in the principal sum of $1,750,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff, an infant, by his mother and natural guardian, commenced this medical malpractice action alleging that the defendant obstetrician improperly used vacuum extraction to deliver the plaintiff. As a result, the plaintiff allegedly sustained brain injuries which caused permanent neurocognitive deficits. The matter proceeded to trial and the jury rendered a verdict in favor of the plaintiff and against the defendant. The defendant thereafter moved pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability or for a new trial on the issue of damages unless the plaintiff stipulated to a [*2]reduction in the damages award. The Supreme Court denied the motion, and entered judgment in favor of the plaintiff and against the defendant in the principal sum of $1,750,000. The defendant appeals.
" A motion for judgment as a matter of law pursuant to CPLR . . . 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'" (Messina v Staten Is. Univ. Hosp., 121 AD3d 867, 867, quoting Tapia v Dattco, Inc., 32 AD3d 842, 844; see Gaspard v Aronoff, 153 AD3d 795, 796). Similarly, a jury verdict may not be set aside "as against the weight of the evidence unless the evidence so preponderate[d] in favor of the [moving party] that it could not have been reached on any fair interpretation of the evidence'" (Killon v Parrotta, 28 NY3d 101, 107, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746; see Gaspard v Aronoff, 153 AD3d at 796; Messina v Staten Is. Univ. Hosp., 121 AD3d at 868). " [T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict'" (Nikollbibaj v City of New York, 106 AD3d 789, 790-791, quoting Nicastro v Park, 113 AD2d 129, 133).
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Gaspard v Aronoff, 153 AD3d at 796; Brown v Shah, 109 AD3d 948, 949). Expert opinion is generally necessary to prove a deviation from accepted standards of medical care or adherence thereto and to establish proximate cause (see Gaspard v Aronoff, 153 AD3d at 796; Brown v Shah, 109 AD3d at 949; Sushchenko v Dyker Emergency Physicians Serv., P.C., 86 AD3d 638, 639).
Here, the plaintiff presented expert testimony that the defendant departed from good and accepted medical practice by making multiple attempts to deliver him with a vacuum extractor, and by using the vacuum extractor to rotate him from an occiput posterior position to an occiput anterior position. Upon his delivery, the plaintiff was noted to have several head injuries, including bleeding between his scalp and his skull, as well as an abnormal neurological examination. The plaintiff's experts opined that the manner in which the defendant performed the vacuum extraction caused the plaintiff to sustain a brain injury, which resulted in permanent neurocognitive deficits. Accordingly, there was legally sufficient evidence that the defendant departed from good and accepted standards of medical practice by improperly performing the vacuum extraction of the plaintiff and that the defendant's improper performance of the vacuum extraction caused the plaintiff's injuries (see Gaspard v Aronoff, 153 AD3d at 797; Messina v Staten Is. Univ. Hosp., 121 AD3d at 868).
The jury's verdict was not against the weight of the evidence (see Gaspard v Aronoff, 153 AD3d at 797; Messina v Staten Is. Univ. Hosp., 121 AD3d at 868). The parties presented conflicting expert opinions, which raised credibility issues for the jury to resolve (see Gaspard v Aronoff, 153 AD3d at 797; Gianmarino v Carlo, 144 AD3d 1086, 1087). The jury had the opportunity to see and hear each witness testify and we discern no reason to disturb their credibility determinations (see Gaspard v Aronoff, 153 AD3d at 797; Messina v Staten Is. Univ. Hosp., 121 AD3d at 868).
The defendant's contention that the jury's verdict was inconsistent is not properly before this Court, since an objection on that ground was not raised before the jury was discharged and the issue was not raised until the defendant moved to set aside the verdict (see Barry v Manglass, 55 NY2d 803, 806; Reitzel v Hale, 128 AD3d 1045, 1046; Frenchman v Westchester Med. Ctr., 77 AD3d 618, 619; Lovett v Interfaith Med. Ctr., 52 AD3d 578, 580).
The damages award does not deviate materially from what would be considered [*3]reasonable compensation (see CPLR 5501[c]).
The defendant's remaining contention is without merit.
Accordingly, the defendant's motion was properly denied.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court