Matter of State of New York v Kaysheem P. (2019 NY Slip Op 06399)





Matter of State of New York v Kaysheem P.


2019 NY Slip Op 06399


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-02082
 (Index No. 10228/14)

[*1]In the Matter of State of New York, respondent,
v
Kaysheem P. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Felicia B. Rosen, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Philip V. Tisne of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Kaysheem P., a sex offender allegedly requiring civil management, Kaysheem P. appeals from an order of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), entered November 2, 2017. The order, upon a finding, made after a nonjury trial, that Kaysheem P. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 2010, the appellant pleaded guilty to criminal sexual act in the first degree and was sentenced to a term of imprisonment. In 2014, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, known as the Sex Offender Management and Treatment Act, for the civil management of the appellant. Following a nonjury trial, the Supreme Court found that the appellant suffers from a "mental abnormality" as defined in Mental Hygiene Law § 10.03(i). After a dispositional hearing, the court determined that the appellant is a dangerous sex offender requiring civil confinement. In the order appealed from, the court, in effect, granted the petition and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.
Contrary to the appellant's contention, the evidence at trial was legally sufficient to support the Supreme Court's finding that he suffered from a "mental abnormality" as defined in Mental Hygiene Law § 10.03(i) (see Matter of State of New York v Shannon S., 20 NY3d 99; Matter of State of New York v Cleophus H., 139 AD3d 868, 869). Further, the court's determination that the State demonstrated, by clear and convincing evidence, that the appellant suffers from a "mental abnormality" within the meaning of Mental Hygiene Law § 10.03(i) was warranted by the facts (see Matter of State of New York v Raul L., 120 AD3d 52, 59; Matter of State of New York v Terry P., 109 AD3d 934, 935; Matter of State of New York v Clarence D., 82 AD3d 776, 777; see generally Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
In addition, clear and convincing evidence supports the Supreme Court's determination that the appellant is a dangerous sex offender requiring confinement in a secure facility (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Dennis K., 120 AD3d 694, 696, affd 27 NY3d 718; Matter of State of New York v Raul L., 120 AD3d at 60; Matter of State of New York v Terry P., 109 AD3d at 935).
The appellant's remaining contention is without merit.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court