Stewart v New York Hosp. Queens (2023 NY Slip Op 01542)

Stewart v New York Hosp. Queens

2023 NY Slip Op 01542

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-01635
 (Index No. 2060/15)

[*1]Michael Stewart, etc., respondent, 
v
New York Hospital Queens, appellant.

Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner of counsel), for appellant.
Anthony Ofodile, Brooklyn, NY (Anthony C. Ofodile of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered December 16, 2019. The order denied the defendant's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff and against it on the issue of liability and for judgment as a matter of law dismissing the complaint, or, in the alternative, to set aside that verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial, or, in the alternative, to set aside, as excessive, the verdict on the issue of damages.
ORDERED that the order is affirmed, with costs.
Following the discharge of the plaintiff's decedent from the defendant hospital to a rehabilitation center on September 12, 2012, the decedent's condition worsened, and he died on September 30, 2012. The plaintiff commenced this medical malpractice action against, among others, the defendant, and, after a trial, a jury found that the defendant departed from good and accepted standards of medical practice by discharging the decedent on September 12, 2012. The jury awarded the plaintiff damages in the principal sum of $1,300,000 for the decedent's past pain and suffering as a result of the defendant's negligence.
Thereafter, the defendant moved pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial, or, in the alternative, to set aside, as excessive, the verdict on the issue of damages. In an order entered December 16, 2019, the Supreme Court denied the defendant's motion as untimely, without considering the merits of the motion. The defendant appeals.
The Supreme Court improvidently exercised its discretion in denying the defendant's posttrial motion as untimely, based on the failure to timely file the motion in accordance with the schedule set by the court. The defendant demonstrated that the motion papers were timely served, and that the failure to timely file the motion papers with the court was the result of inadvertent law office failure, which did not cause any significant delay or any prejudice to the plaintiff. As such, the court should have decided the defendant's motion on the merits (see Tewari v Tsoutsouras, 75 [*2]NY2d 1, 11-12; U.S. Bank N.A. v Adler, 148 AD3d 858; Siracusa v Fitterman, 110 AD3d 1055, 1056-1057). In the interest of judicial economy, rather than remitting the matter to the Supreme Court, we deem it appropriate to address the merits of the defendant's motion on this appeal.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Lopes v Lenox Hill Hosp., 172 AD3d 699, 702 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d 18, 23). "To establish proximate cause in a medical malpractice case, a plaintiff must present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury" (Lopes v Lenox Hill Hosp., 172 AD3d at 702 [internal quotation marks omitted]).
A jury verdict may be set aside as contrary to the weight of the evidence only if "the evidence so preponderated in favor of [that party] that the verdict could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [internal punctuation omitted]; see Messina v Staten Is. Univ. Hosp., 121 AD3d 867, 868; Nicastro v Park, 113 AD2d 129, 132-137). Here, based on the expert testimony presented at trial, the jury could reasonably find that the defendant departed from accepted standards of medical practice by discharging the decedent to a rehabilitation center without ever accurately diagnosing the condition that caused him to be admitted to the hospital, and that this conduct proximately caused the decedent's injuries by "diminish[ing] [his] chance of a better outcome" and increasing his pain and suffering (Flaherty v Fromberg, 46 AD3d 743, 745; see Lopes v Lenox Hill Hosp., 172 AD3d at 702). Thus, the jury's finding was based on a fair interpretation of the evidence, and therefore was not contrary to the weight of the evidence (see Grullon v Thoracic Surgical, P.C., 208 AD3d 1163, 1164-1165; Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672, 675; Messina v Staten Is. Univ. Hosp., 121 AD3d at 868).
A fortiori, the defendant has not established that "there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Tapia v Dattco, Inc., 32 AD3d 842, 844; see Szczerbiak v Pilat, 90 NY2d 553, 556; Cohen v Hallmark Cards, 45 NY2d 493, 499). Thus, the defendant was not entitled to judgment as a matter of law dismissing the complaint.
Since the evidence at trial supported a finding that the defendant departed from accepted standards of medical practice by discharging the decedent on September 12, 2012, the Supreme Court did not err by including an interrogatory regarding such a departure on the verdict sheet (see Spagnole v Staten Is. Univ. Hosp., 77 AD3d 816). Moreover, the court did not improvidently exercise its discretion by curtailing the cross-examination of one of the plaintiff's expert witnesses so as to exclude testimony that did not pertain to the disputed issues in the case (see Matter of Simone D., 9 NY3d 828, 829). Consequently, the defendant was not deprived of a fair trial, and therefore was not entitled to a new trial in the interest of justice.
The award of damages for past pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Sawtelle v Southside Hosp., 305 AD2d 659).
The plaintiff's remaining contention is without merit.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court