Dominge v Dannenberg (2024 NY Slip Op 03166)

Dominge v Dannenberg

2024 NY Slip Op 03166

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2020-03770 
2020-05941
 (Index No. 607443/15)

[*1]Douglas Dominge, etc., appellant, 
v
Michael Dannenberg, etc., et al., respondents.

Law Offices of Joseph M. Lichtenstein, P.C., Mineola, NY (Theodore McKinley Thornton of counsel), for appellant.
Angel & McCarthy, PLLC, Mineola, NY (James D. McCarthy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered April 20, 2020, and (2) a clerk's judgment of the same court dated July 8, 2020. The order denied the plaintiff's posttrial motion pursuant to CPLR 3025(c) for leave to conform the pleadings to the evidence adduced at trial. The clerk's judgment, upon a jury verdict, is in favor of the defendants and against the plaintiff dismissing the amended complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
Diane Dominge (hereinafter the decedent) was diagnosed with melanoma based on a biopsy of a lesion on her right thigh conducted on February 12, 2015, by her then dermatologist, the defendant Michael Dannenberg. The decedent died in September 2016. The plaintiff, individually and as administrator of the decedent's estate, commenced this action to recover damages for medical malpractice and wrongful death. After a trial, a jury found that Dannenberg did not depart from good and accepted standards of medical care. Additionally, after trial, the plaintiff moved pursuant to CPLR 3025(c) for leave to conform the pleadings to the proof adduced at trial. By order entered April 20, 2020, the Supreme Court denied the motion. The Nassau County Clerk thereafter issued a judgment dated July 8, 2020, consistent with the jury's verdict, which was in favor of the defendants and against the plaintiff dismissing the amended complaint. The plaintiff appeals from the order and the judgment.
"[T]o establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and [*2]that such departure was a proximate cause of the plaintiff's injuries" (Stewart v New York Hosp. Queens, 214 AD3d 919, 920 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d 18, 23). A jury verdict may be set aside as contrary to the weight of the evidence only if "the evidence so preponderated in favor of [that party] that the verdict could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [alterations and internal quotation marks omitted]; see Stewart v New York Hosp. Queens, 214 AD3d at 921). "[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (Nicastro v Park, 113 AD2d 129, 133). "It is for the jury to make determinations as to the credibility of the witnesses, and deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Rucigay v Wyckoff Hgts. Med. Ctr., 194 AD3d 865, 868 [internal quotation marks omitted]; see Messina v Staten Is. Univ. Hosp., 121 AD3d 867, 868). Here, based on the evidence adduced at trial, which included expert testimony proffered by both sides, the jury could reasonably find that Dannenberg did not depart from good and accepted standards of medical practice with regard to his care and treatment of the decedent. Thus, the jury's finding was based on a fair interpretation of the evidence and, therefore, was not contrary to the weight of the evidence (see Messina v Staten Is. Univ. Hosp., 121 AD3d at 868).
"The court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just" (CPLR 3025[c]). "Applications to amend pleadings are within the sound discretion of the court" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411; see Matter of Hersh, 198 AD3d 766, 768). Under the circumstances present here, the Supreme Court providently exercised its discretion in denying the plaintiff's posttrial motion pursuant to CPLR 3025(c) for leave to conform the pleadings to the evidence adduced at trial (see DiMauro v Metropolitan Suburban Bus Auth., 105 AD2d 236, 240).
The plaintiff's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court