Chicoine v Mendola (2024 NY Slip Op 06326)

Chicoine v Mendola

2024 NY Slip Op 06326

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2020-05889
 (Index No. 591/12)

[*1]Paul H. Chicoine, et al., respondents, 
v
Michael R. Mendola, etc., et al., appellants.

Ellenberg Gannon Henninger & Fitzmaurice, LLP (Mauro Lilling Naparty, LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellants Michael R. Mendola and Island Medical Physicians, P.C.
Shaub Ahmuty Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Lena Holubnyczyj of counsel), for appellant St. Joseph Hospital.
Duffy & Duffy, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondents.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for medical malpractice, etc., the defendant St. Joseph Hospital appeals, and the defendants Michael R. Mendola and Island Medical Physicians, P.C., separately appeal, from a judgment of the Supreme Court, Nassau County (James P. McCormack, J.), entered July 14, 2020. The judgment, upon a jury verdict, and upon an order of the same court dated September 25, 2019, denying the motion of the defendant St. Joseph Hospital pursuant to CPLR 4404(a), inter alia, to set aside so much of the jury verdict as was in favor of the plaintiffs and against it and for judgment as a matter of law dismissing the complaint insofar as asserted against it or, in the alternative, to set aside that portion of the jury verdict as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside so much of the jury verdict as awarded the plaintiff Paul H. Chicoine the sums of $700,000 for past pain and suffering and $1,100,000 for future pain and suffering and the plaintiff Geralyn Chicoine the sums of $200,000 for past loss of services and $150,000 for future loss of services as excessive and for a new trial on the issue of those damages, and denying the motion of the defendants Michael R. Mendola and Island Medical Physicians, P.C., pursuant to CPLR 4404(a) to set aside so much of the jury verdict as awarded the plaintiff Paul H. Chicoine the sums of $700,000 for past pain and suffering and $1,100,000 for future pain and suffering and the plaintiff Geralyn Chicoine the sums of $200,000 for past loss of services and $150,000 for future loss of services as excessive and for a new trial on the issue of those damages, is in favor of the plaintiffs and against the defendants St. Joseph Hospital and Michael R. Mendola in the total sum of $3,160,561.55.
ORDERED that the judgment is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
On February 21, 2010, the plaintiff Paul H. Chicoine was admitted to the emergency [*2]room at the defendant St. Joseph Hospital (hereinafter St. Joseph) with complaints of dizziness and vomiting. Paul was examined by Margaret Perry, a triage nurse at St. Joseph, and the defendant Michael R. Mendola, a physician employed by the defendant Island Medical Physicians, P.C. (hereinafter Island), and was discharged with a diagnosis of vertigo, dehydration, and sinusitis. Following his discharge, Paul sustained a stroke. Paul, and his wife, the plaintiff Geralyn Chicoine, suing derivatively, commenced two separate actions, inter alia, to recover damages for medical malpractice, and the actions were subsequently consolidated. The plaintiffs alleged, among other things, that St. Joseph, through Perry, failed to obtain a full patient history for Paul, that Mendola failed to properly diagnose Paul with a transient ischemic attack (hereinafter TIA), and that these departures from accepted medical practice proximately caused injuries to Paul.
Following a jury trial, the jury found, inter alia, that Mendola departed from good and accepted medical practice by failing to diagnose and treat Paul's TIA, that St. Joseph departed from good and accepted medical practice by failing to obtain an appropriate patient history for Paul, and that these departures were proximate causes of Paul's injuries. The jury apportioned liability by finding Mendola 55% liable and St. Joseph 45% liable for the plaintiffs' injuries. The jury awarded the sums of $393,375 for Paul's past lost earnings, $77,267 for Paul's future lost earnings, $35,307 for Paul's loss of pension retirement income, $700,000 for Paul's past pain and suffering, $1,100,000 for Paul's future pain and suffering, $200,000 for Geralyn's past loss of services, and $150,000 for Geralyn's future loss of services.
Thereafter, St. Joseph moved pursuant to CPLR 4404(a), among other things, to set aside so much of the jury verdict as was in favor of the plaintiffs and against it and for judgment as a matter of law dismissing the complaint insofar as asserted against it or, in the alternative, to set aside that portion of the jury verdict as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside, as excessive, the jury awards for past and future pain and suffering and past and future loss of services and for a new trial on the issue of those damages. Mendola and Island moved pursuant to CPLR 4404(a) to set aside, as excessive, the jury awards for past and future pain and suffering and past and future loss of services and for a new trial on the issue of those damages. The Supreme Court denied the motions and entered a judgment in favor of the plaintiffs and against St. Joseph and Mendola in the total sum of $3,160,561.55. St. Joseph appeals, and Mendola and Island separately appeal.
"'In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries'" (Gruen v Brathwaite, 215 AD3d 927, 928, quoting Keun Young Kim v Lenox Hill Hosp., 156 AD3d 774, 774-775).
"A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only 'where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party'" (Caliendo v Ellington, 104 AD3d 635, 636, quoting Szczerbiak v Pilat, 90 NY2d 553, 556). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hamilton v Rouse, 46 AD3d 514, 516, quoting Szczerbiak v Pilat, 90 NY2d at 556). Here, viewing the evidence in the light most favorable to the plaintiffs, there was a rational process by which the jury could have found that St. Joseph departed from accepted standards of medical practice by failing to obtain an appropriate patient history for Paul, that Mendola departed from accepted standards of medical practice by failing to diagnose and treat Paul's TIA, and that these departures proximately caused Paul's injuries (see Stewart v New York Hosp. Queens, 214 AD3d 919, 920-921; Osorio v New York City Health & Hosps. Corp., 211 AD3d 842, 845; Bacchus-Sirju v Hollis Women's Ctr., 196 AD3d 670, 673).
Further, "a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Vittiglio v Gaurino, 100 AD3d 987, 988; see Stewart v New York Hosp. Queens, 214 AD3d at 921). "Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the [*3]evidence" (Lalla v Connolly, 17 AD3d 322, 323; see Glynn v Altobelli, 181 AD3d 567, 569). Here, a fair interpretation of the evidence supported the jury's findings that St. Joseph and Mendola departed from accepted standards of medical practice and that their departures proximately caused Paul's injuries (see Stewart v New York Hosp. Queens, 214 AD3d at 921; Bacchus-Sirju v Hollis Women's Ctr., 196 AD3d at 673; Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672, 674-675).
"The plaintiff has the burden of establishing damages for past and future lost earnings with reasonable certainty" (Gore v Cardany, 167 AD3d 851, 852; see Fortune v New York City Hous. Auth., 201 AD3d 705, 707; Nayberg v Nassau County, 149 AD3d 761, 762). Contrary to the defendants' contentions, Paul established damages for past and future lost earnings with reasonable certainty through his testimony and the testimony of an economist (see Nayberg v Nassau County, 149 AD3d at 762; Walker v New York City Tr. Auth., 115 AD3d 941, 942).
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Wynter v Transdev Servs., Inc., 207 AD3d 785, 787; see CPLR 5501[c]; Glynn v Altobelli, 181 AD3d at 570-571). Here, the jury awards for past and future pain and suffering and past and future loss of services did not deviate materially from what would be reasonable compensation (see Stewart v New York Hosp. Queens, 214 AD3d at 920-921; Arcos v Bar-Tzi, 185 AD3d 882, 883; Buckley v Haque, 112 AD3d 769, 771-772).
The defendants' remaining contentions are without merit.
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court